

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-87,443-01

### EX PARTE FILEMON MARTINEZ, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A4387-11-04-W-1 IN THE 64th DISTRICT COURT
### FROM SWISHER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual

assault of a child and sentenced to fourteen years' imprisonment. The Seventh Court of Appeals

affirmed his conviction. *Martinez v. State*, No. 07-11-00448-CR (Tex. App.—Amarillo July 9,

2012) (not designated for publication).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because

she failed to investigate and secure witness statements, denied Applicant his right to testify, failed

to properly pursue a motion for new trial hearing, failed to object to the admission of extraneous

offense testimony, and failed to object to perjured testimony by the complainant and cross-examine the complainant on her lack of truthfulness.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: October 18, 2017
Do not publish